TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000411-KB

FINAL

DATE 9-30-14 ___

CLETUS MARICLE                                                   MOVANT


V.                        IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                  RESPONDENT


## OPINION AND ORDER

Movant, Cletus Maricle,[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to impose the sanction of permanent disbarment. The KBA has no objection to Maricle's motion.

### I. BACKGROUND

Movant was convicted by a jury on March 24, 2010 of five felony counts, including violations of the Racketeer Influenced and Corrupt Organizations Act (RICO),[2] money laundering conspiracy, aiding and abetting the obstruction of justice, voter fraud, and election fraud conspiracy. As a result, the Inquiry Commission charged Maricle with a violation of SCR 3.130-8.3(b) (now

---

[1] Maricle, KBA No. 43900, was admitted to the practice of law in Kentucky on May 1, 1966. His bar roster address is 393 Circle Drive, Manchester, Kentucky 40962.

[2] 18 U.S.C. §§ 1961-68.

renumbered as -8.4(b))[3] on July 8, 2010. Maricle then moved to have the matter held in abeyance until the underlying criminal matter was concluded.

Maricle was sentenced to 320 months' imprisonment, which he appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit vacated his convictions and remanded for a new trial. Ultimately, on November 6, 2013, Maricle entered a negotiated guilty plea to the RICO charge. He admitted that he and his associates accessed the Clay County Board of Elections in order to corruptly influence the outcome of elections. Furthermore, he confessed to providing cash to bribe voters with the understanding that his associates would ensure that the bribed voters cast their ballots as directed. Additionally, Maricle acknowledged that several of his associates received public works contracts (some of which were funded by federal grant money) by virtue of their participation in the election-fraud enterprise. Pursuant to his negotiated guilty plea, he was sentenced to time served, plus supervised release for two years (to include six months of home incarceration), 200 hours of community service, and no participation in the political process.

Maricle admits that his actions were violations of SCR 3.130-8.4(b). Therefore, he requests that the Court grant him leave to resign from the KBA under terms of permanent disbarment pursuant to SCR 3.480(3).[4] The KBA has no objection to Maricle's motion.

---

[3] SCR 3.130-8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[4] SCR 3.480(3) provides in pertinent part:

## II. DISCIPLINE

Based on his admitted ethical violations, Maricle requests that this Court grant him leave to resign from the KBA under terms of permanent disbarment. We agree that Maricle's motion to withdraw his membership is appropriate pursuant to SCR 3.480(3). Therefore, it is hereby ORDERED that:

1. Cletus Maricle is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. In accordance with SCR 3.450, Maricle shall pay all costs associated with these proceedings, said sum being $105.50, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Maricle shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel.

---

Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of permanent disbarment shall file a verified motion with the Court stating as follows:

> (a) He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.
>
> (b) He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.
>
> (c) He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.

Furthermore, to the extent possible, Maricle shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 18, 2014.

_____
CHIEF JUSTICE